UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LEON A. MORRIS, SR., | : | Case No. 3:22-cv-278 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| MARY KATHERINE HUFFMAN, JUDGE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATIONS**

Leon A. Morris, Sr., a state prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights complaint with this Court. (Doc. 1-1). He alleges that his rights were violated during criminal proceedings against him in the Montgomery County, Ohio, Court of Common Pleas. (*Id*., PageID 6).

The matter is currently before the Court to conduct the initial screening of the Complaint as required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** the Complaint in its entirety.

**I.      Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screening of his Complaint. 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must also be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## II.    Parties and Claims

Plaintiff Morris sues Mary Katherine Huffman, a judge of the Montgomery County, Ohio, Court of Common Pleas. It appears that Judge Huffman is or was presiding over two criminal cases against Plaintiff in that court. Plaintiff identifies one case by case number in the Complaint. (Doc. 1-1, PageID 6). *See State of Ohio v. Leon Morris,* C.P. No. 2020 CR 03962. It appears that Plaintiff was convicted and sentenced to community control in 2021 in this First Case, but the court terminated his probationary status because of a subsequent offense.[1] It also appears that Plaintiff was sentenced to a term of incarceration on that subsequent offense in a

---

[1] According to an Entry issued on July 22, 2022 in the First Case, captioned "REINSTATEMENT/ WITHDRAWAL OF CAPIAS ISSUED ON 3/4/2022/TERMINATION OF COMMUNITY CONTROL (ADMINISTRATIVE) (SUBSEQUENT OFFENSE)," that court in the First Case:
> reinstate[d] the defendant to active community control for up to five (5) years on July 21, 2022. The Court ORDERS the probationary status of the defendant be terminated in view of a commitment on a subsequent offense, the Defendant be discharged, and this case be closed. All financial obligations outstanding are suspended. The capias issued and outstanding in this case is dismissed.

The "subsequent offense" appears to be the Second Case, C.P. Case No. 2022 CR 01403.

3

Second Case.² *See State of Ohio v. Leon Aaron Morris*, C.P. No. 2022 CR 01403. These cases, referred to together as the Criminal Cases, are available by name or case number search at https://pro.mcohio.org/ (accessed Dec. 28, 2022).³

Plaintiff also names as defendants David Merrell, who appears to have been an assistant prosecuting attorney for a time in the First Case; Christopher Thompson, who appears to have been an assistant public defender representing Plaintiff for a time in the First Case; and Poloa Kinsey,⁴ a probation officer who allegedly provided a "falsified Report" to Judge Huffman in the First Case. (Doc. 1-1, PageID 4, 6).

Plaintiff's claims center on Judge Huffman's decisions to deny him bond/bail in the First Case in early 2022, allegedly on the basis of someone else's record. (Doc. 1-1, PageID 6). This appears to have been in the context of an alleged violation of community control sanctions. *See* January 28, 2022 "Notice of CCS Revocation Hearing and Order" in the First Case. Plaintiff alleges that the denial of bond/bail deprived him of the opportunity to bury his son. (Doc. 1-1, PageID 6). Plaintiff also contends that his rights were violated by sentences imposed by Judge Huffman.⁵ (*Id*.). He seeks damages in the amount of $4 billion, plus punitive damages of $2 billion, and attorney fees of $60,000. (Doc. 1-1, PageID 7).

Plaintiff raises these claims under 42 U.S.C. § 1983. (Doc. 1-1, PageID 5; Civil Cover Sheet, Doc. 1-2, PageID 8; Doc. 6, PageID 40). This statute allows a plaintiff to seek redress

---

² *See* Ohio Department of Rehabilitation and Correction Website, available at https://appgateway.drc.ohio.gov/ OffenderSearch/Search/Details/A805551 (accessed Dec. 28, 2022) (indicating Plaintiff is incarcerated on case number 2022 CR 01403).

³ This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

⁴ Documents in the First Case refer to a probation officer named Paola Kinsey.

⁵ It appears that the 12-month sentences mentioned in the Complaint were imposed in the Second Case, C.P. No. 2022 CR 01403. *See* fn.2. (Doc. 1-1, PageID 6).

4

from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a cause of action under Section 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).

### III.     Application for Default and Motions to Amend the Complaint

Plaintiff has filed an application for default judgment. (Doc. 5). He withdrew this Application on December 7, 2022. (*See* Doc. 8, PageID 52). As Plaintiff notes, Defendants have not yet been served, so default judgment would not be appropriate. (*Id*.) His request to withdraw the application is **GRANTED**. The application (Doc. 5) is considered **WITHDRAWN**.

Plaintiff has also filed three motions to amend the Complaint. First, on November 22, 2022, he filed two documents that include argument and "evidence" in support of his claims. (Doc. 6-7). Three new allegations are included in these materials. First, Plaintiff asserts that Judge Huffman knew that Plaintiff had violated his probation, but she "failed to violate my probation and sentence[] me to prison for the violation. Instead [Judge]Huffman Re-enstated my probation and Terminated it in order to Deny me my Jail-Time Credit of 81 days." (Doc. 6, PageID 39-40). With respect to Prosecutor Merrell, Plaintiff asserts that "he failed to do his work he's paid to do. On sidebar Merrell admits to NOT knowing what was going on in this Court hearing where had he been doing his Job that the STATE OF OHIO pays him to do he could have protected my rights . . ." (Doc. 6, PageID 41). Finally, Plaintiff asserts that Defendants are not entitled to any immunity "because they acted in the CLEAR ABSENCE OF

5

ALL JURISDICTION when they committed these offenses." (Doc. 6, PageID 41). There is no information about why jurisdiction was lacking.

The Undersigned **CONSTRUES** these two documents (Doc. 6-7) together as a First Motion to Amend the Complaint and **GRANTS** the motion. Fed. R. Civ. P. 15(a)(1).

On December 7, 2022, Plaintiff filed a second motion to amend the Complaint. (Doc. 8). In this motion, Plaintiff withdraws his application for default judgment (as discussed above) and clarifies that he sues Defendants only in their official capacities. (*Id.*) The Undersigned **GRANTS** this motion to amend. Fed. R. Civ. P. 15(a)(2).

On December 27, 2022, Plaintiff filed a third motion to amend the Complaint. (Doc. 10). In this motion, Plaintiff asserts that the allegations in the Complaint are true and accurate. (*Id.*) The Undersigned **GRANTS** this motion to amend as well. Fed. R. Civ. P. 15(a)(2). These materials (Doc. 6-7, 8, 10) will be considered as part of the Court's initial screening of the Complaint (Doc. 1-1).

The Undersigned cautions Plaintiff that he is not entitled to amend his Complaint as often as he likes. He will be required to ask for, and obtain, permission from this Court to file any further amendments. *See* Fed. R. Civ. P. 15(a)(2).

### IV. Discussion

Plaintiff's Complaint should be dismissed for several overlapping reasons. He seeks to undermine his criminal convictions, seeks monetary relief from defendants who are immune from such relief, or who are otherwise immune, or who are not state actors.

#### A. Some Claims Cannot be Raised in a § 1983 Action

It is well-established that a federal-court challenge to the validity of a state criminal conviction and sentence must be raised in a petition for a writ of habeas corpus. *Hill v. McDonough*, 547 U.S. 573, 579 (2006); *Mohammad v. Close*, 540 U.S. 749, 750 (2004)

("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus"). The Supreme Court of the United States has said that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."[6] *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)).

Here, Plaintiff seeks monetary damages for what he sees as errors or constitutional violations that occurred in the Criminal Cases against him.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Heck,* 512 U.S. at 486-87.

Plaintiff directly challenges his sentence when he argues that Judge Huffman violated the law by unlawfully sentencing him to 12 months in prison on each of two separate charges, and by claiming that he was denied jail time credit that would have reduced his sentence. (Doc. 1-1, PageID 6; Doc. 6, PageID 39-40). His claims alleging prosecutorial misconduct and the ineffective assistance of counsel, if successful, would necessarily imply the invalidity of his convictions or sentences. *See Hann v. Michigan*, No. 05-cv-71347, 2006 WL 1698967, at *4 (E.D. Mich. June 14, 2006) ("a finding that Plaintiff's current imprisonment is a result of ineffective assistance of counsel which would necessarily imply the invalidity of his imprisonment"); *Thompson v. O'Malley*, No. 1:22-cv-649, 2022 WL 2803194, at *2 (N.D. Ohio

---

[6] The Undersigned expresses no opinion on whether Plaintiff may or should bring such an action, or whether he has met the statutory prerequisites for filing such an action, such as exhausting his state-court remedies. 28 U.S.C. § 2254(b).

7

July 18, 2022) ("A judgment in Plaintiff's favor on his claims of prosecutorial misconduct would necessarily imply the invalidity of his conviction"). Thus, Plaintiff cannot challenge these issues in a § 1983 action unless he can show that his convictions or sentences have already been invalidated. *Heck*, 512 U.S. at 486-87.

Plaintiff has not made such a showing. He appears to want to invalidate his convictions or sentences in this § 1983 action. *Heck* prohibits him from doing so.

Not all of Plaintiff's claims appear to be barred by *Heck,* however. His claims that Judge Huffman denied him bond/bail in the First Case after he violated his community control, and this claim that Probation Officer Kinsey provided a false report to Judge Huffman on which she based her decision, do not appear to necessarily imply the invalidity of Plaintiff's conviction or sentence in the First Case. However, these claims fail for other reasons, as discussed below.

### B. Claims against Judge Huffman, Prosecutor Merrell, and Probation Officer Kinsey in their Official Capacities

As noted above, Plaintiff has expressly limited his suit to claims against Defendants in their official capacities. (Doc. 8, PageID 52 (requesting to amend his "Complaint from Both Official Capacity & Individual Capacity to Official Capacity ONLY")).

Claims against state officials or employees in their official capacities are the same as claims against the state itself. "While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)).

Here, claims against Judge Huffman, Prosecutor Merrell, and Probation Officer Kinsey in their official capacities are the same as claims against the State of Ohio. *See Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir. 1997) (concluding that an Ohio Common Pleas Court was an arm of the state and a claim against a judge of that court was a claim against the state); *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (citing *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993)) ("prosecutors are considered state officials under Ohio law when they 'are responsible for prosecuting state criminal charges.'"); *Michelle R. v. Vill. of Middleport Ohio*, No. 2:19-cv-2272, 2020 WL 1275686, at *3 (S.D. Ohio Mar. 17, 2020) (agreeing that claims against a probation officer/clerk/bailiff of a Common Pleas Court was essentially a suit against that court, a state entity).

Claims for damages against the State of Ohio are barred by the Eleventh Amendment to the United States Constitution, which "'denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent.'" *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [United States Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Maben*, 887 F.3d. at 270, (quoting *Kentucky v. Graham*, 473 U.S. at 169). Here, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it. *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984) and *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)).

This Eleventh Amendment immunity "extends to state officials sued in their official capacity" for damages, such as is pursued here. (Doc. 1-1, PageID 7). *Smith,* 476 F. Supp. 3d at 650-51. Again, this is because "'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' which is 'no different from a suit against the State.'" *McCoy v. Michigan*, 369 Fed. App'x. 646, 654 (6th Cir. 2010) (quoting *Will*, 491 U.S. at 71). Accordingly, Plaintiff's claims for damages against Judge Huffman, Prosecutor Merrell, and Probation Officer Kinsey *in their official capacities* are barred by the Eleventh Amendment and cannot proceed.

The Undersigned notes for completeness that had Plaintiff not limited his suit to claims against these Defendants in their official capacities, his claims against them in their *individual capacities* would also fail. *See generally Pettus-Brown v. Cooper*, No. 1:15-cv-539, 2015 WL 13739353, at *12 (S.D. Ohio Sept. 1, 2015), *report and recommendation adopted*, 2015 WL 5954582 (S.D. Ohio Oct. 14, 2015) (and cases cited therein) (recommending dismissal of claims against a judge, prosecutor, and probation officer because they are immune from suit in their individual capacities). And, the Undersigned notes that this official-capacity analysis does not apply to does not apply to Public Defender Thompson. These issues are addressed further in the following sections.

**C.    Claims against Judge Huffman and Probation Officer Kinsey in their Individual Capacities**

Plaintiff's claims against Judge Huffman in her individual capacity are barred by the doctrine of judicial immunity. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for *all actions taken in the judge's judicial capacity*, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco,* 502 U.S. 9 (1991)) (emphasis added);

*Foster v. Walsh,* 864 F.2d 416 (6th Cir. 1988)). Judicial immunity shields judges "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11.

The Complaint here targets only Judge Huffman's actions as the judge in the Criminal Cases against Plaintiff. These actions were taken in Judge Huffman's judicial capacity and constitute "judicial acts." *See Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994) ("those [acts] that involve resolution of disputes between parties who have invoked the jurisdiction of a court" are judicial acts) (cleaned up); *Brown v. Hamilton Cnty., Ohio/Hamilton Cnty. Prosecutor's Off.*, No. 1:19-cv-969, 2021 WL 4451563, at *2-3 (S.D. Ohio Sept. 29, 2021) (where "each of the alleged actions about which Plaintiff complains occurred in the context of the criminal case brought against him," the defendant judge was immune and the claims against him dismissed).

Judges performing judicial acts have immunity as long as they have jurisdiction over the subject matter before them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Here, the Complaint alleges no facts to plausibly suggest that Judge Huffman entirely lacked subject matter jurisdiction over the Criminal Cases against Plaintiff. (*See* Doc. 1-1, PageID 6). Although Plaintiff *argues* that Judge Huffman "acted in the CLEAR ABSENCE OF ALL JURISDICTION" (Doc.6, PageID 41), he provides no *facts* to demonstrate why that might be so. *Cf. Leech v. DeWeese*, 689 F.3d 538, 543 (6th Cir. 2012) (finding that an Ohio Common Pleas Court Judge had jurisdiction over a defendant's community control sanctions under Ohio Const. art. IV, § 4(B) and Ohio Revised Code § 2929.15); *State v. Heinz*, 146 Ohio St. 3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 15 ("The revocation of community control is an exercise of the

11

sentencing court's criminal jurisdiction, and pursuant to R.C. 2929.15(B)(1), the court may extend the term of the offender's community control or impose a more restrictive sanction or a prison term if the conditions of community control are violated."). This exception, therefore, does not apply.

Finally, with respect to Plaintiff's allegation that Judge Huffman acted with malice or erred in her decisions, the Undersigned notes that "[j]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly"). And, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356.

Because the allegations in the Complaint show that Judge Huffman was acting within her judicial capacity and there is no plausible reason articulated why she entirely lacked jurisdiction over the Criminal Cases against Plaintiff, Judge Huffman is immune from suit in her individual capacity.

The claims against Probation Officer Kinsey should be dismissed for similar reasons. Plaintiff alleges that, according to Judge Huffman, Kinsey "gave the Court a falsified Report on Plaintiff so she also chose to aid & [abet] in these violations of my rights." (Doc. 1-1, PageID 6). No further details are provided about the alleged error. It may be that this assertion is connected to Plaintiff's allegation that Judge Huffman used another person's record or file to deny him bond/bail. (*Id*.). Although this claim is not clear, the record of the First Case appears to reflect that Kinsey may have been involved with providing Judge Huffman information about Plaintiff violating his community control sanctions, after which Judge Huffman denied him

12

bond/bail. *See* January 28, 2022 "Notice of CCS Revocation Hearing and Order" in the First Case.

Probation Officer Kinsey is entitled to quasi-judicial immunity because she was performing duties to ensure the Judge Huffman had information about Plaintiff's behavior to make decisions about bond/bail. *See Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476 (6th Cir. 2007) (quoting *Balas v. Leishman-Donaldson*, No. 91-4073, 1992 WL 217735 (6th Cir. Sept. 9, 1992)) ("[W]hen a judge seeks to determine whether a defendant is complying with the terms of probation, the judge is performing a judicial function. To the extent court personnel were investigating whether [a defendant] was complying with the terms of his probation, they were performing a quasi-judicial function. To the extent [probation officers] were performing that function at the direction of the judge, they are entitled to quasi-judicial immunity. All of the same considerations that would apply to the judge apply to the probation officer."). In other words, "[q]uasi-judicial immunity 'extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune.'" *Norman v. Warren Cnty. Ct.*, 279 F. Supp. 3d 752, 758 (S.D. Ohio 2017) (quoting *Draine v. Leavy*, 504 F. App'x. 494, 495 (6th Cir. 2012)).

"When a probation officer evaluates an individual to determine whether he has violated the conditions of his probation, the officer is entitled to absolute judicial immunity from suit under Section 1983." *Warick v. Kentucky Just. & Pub. Safety Cabinet*, No. CIV. A. 08-146, 2008 WL 4443056, at *5 (E.D. Ky. Sept. 26, 2008) (citing *Timson v. Wright*, 532 F.2d 552, 553 (6th Cir. 1976)). Here, it appears that Plaintiff was on community control sanctions rather than probation, but the same analysis applies. *See generally State v. Heinz*, 146 Ohio St. 3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶ 14 (quoting *State v. Talty*, 103 Ohio St.3d 177, 2004-Ohio-

4888, 814 N.E.2d 1201, ¶ 16) (noting that "community control replaced probation as a possible sentence under Ohio's felony sentencing law" in 1996).

The Sixth Circuit rejected a similar claim that a probation officer gave false information to a judge in *Loggins*:

> Accepting all of [plaintiff's] allegations against Brooks as true, he fails to state a claim upon which relief can be granted because Brooks is entitled to immunity. All of Brooks' actions were related to ensuring [plaintiff] was complying with the terms of his probation. At all relevant times Brooks was working for Judge Froehlich in the context of a judicial proceeding, unlike, for example, an independent complaining witness or investigating officer. *See Kalina v. Fletcher*, 522 U.S. 118, 126-28, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997). All statements made by Brooks were during the judicial decision making process considering whether to revoke [plaintiff's] probation. All adverse actions [plaintiff] complains of were done by Judge Froehlich aided by the recommendation of Brooks. As all of Brooks' actions were intimately associated with judicial proceedings, the district court did not err in granting Brooks' motion to dismiss.

*Loggins*, 218 F. App'x at 477. For the same reasons, the claims against Probation Officer Kinsey in her individual capacity should be dismissed.

### D.     Claims against Prosecutor Merrell in his Individual Capacity

Plaintiff's claims against Prosecutor Merrell in his individual capacity are also barred. (Doc. 1-1, PageID 6). Like judges, prosecutors are "absolutely immune from liability" for actions they take that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotation marks omitted); *see also Cady v. Arenac Cnty.*, 574 F.3d 334, 339 (6th Cir. 2009) (citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)) ("The Supreme Court in *Imbler* held that 'a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution' was not amenable to suit under § 1983."). There are some narrow exceptions to this immunity, *see Van de Kamp,* 555 U.S. at 343, but nothing in the Complaint implicates them. "The analytical key to prosecutorial immunity is whether the actions in question are those of an advocate." *Red Zone*

14

*12 LLC v. City of Columbus*, 758 F. App'x 508, 514 (6th Cir. 2019) (cleaned up).  In other words, a prosecutor is immune if their "conduct was 'undertaken in connection with [his or her] duties in functioning as a prosecutor.'"  *Id*. at 513 (quoting *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006)).

Here, the only allegation in the Complaint against Prosecutor Merrell is that he "failed to protect Plaintiff's Rights and chose to aid and abbed [sic] in Violation of my Rights," perhaps with respect to the denial of bond/bail.  (Doc. 1-1, PageID 6).  Plaintiff later alleged that Prosecutor Merrell failed to do his job during a court hearing.  (Doc. 6, PageID 41).  Prosecutor Merrell's actions with respect to the Criminal Cases, such as advocating for a particular outcome, are, definitionally, undertaken in connection with his duties as a prosecutor.  Thus, Prosecutor Merrell is absolutely immune from suit and all the claims against him in his individual capacity should be dismissed.

### E.     Claims against Public Defender Thompson

The claims against Public Defender Thompson should also be dismissed, but for a different reason than those identified above:  Thompson is not a "state actor" that can be sued under Section 1983.  As noted above, to state a claim under § 1983, "a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by *a person acting under color of state law*."  *Flanory v. Bonn,* 604 F.3d 249, 253 (6th Cir. 2010) (emphasis added).  "It is firmly established that a public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of § 1983"; that is, they are not "a person acting under color of state law."  *White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001) (citing *Polk County v. Dodson*, 454 U.S. 312, 321 (1981)); *see also Whisnant v. Stokes*, No. 1:08-cv-229, 2008 WL 4763853, at *5 (E.D. Tenn. Oct. 28, 2008) (and the cases cited therein) ("courts have uniformly held [that] an attorney,

15

whether appointed or retained, whether in state court or federal court, is not acting under color of law.").

There are some narrow exceptions to this rule. For example, "[a] person may be a state actor if he or she 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Ayers v. Gabis*, No. 20-11735, 2021 WL 4316853, at *4 (E.D. Mich. Sept. 23, 2021) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "But without some plausible and specific factual showing that the person acted in concert with state officials to deprive the plaintiff of some constitutional right, a criminal defense attorney is not a 'state actor' and is not subject to suit under 42 U.S.C. § 1983." *Ayers*, 2021 WL 4316853, at *4 (citing *Elrod v. Michigan Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004)). Even alleging "that [a] court-appointed attorneys conspired with the trial judge to deprive him of a fair trial," without pleading any facts to support the conclusionary label, is insufficient. *Ayers*, 2021 WL 4316853, at *5.

Here, Plaintiff asserts that Public Defender Thompson knew that Judge Huffman was using someone else's file to deny him bail and "chose to aid and [abet] in this illegal conduct" in some unspecified way. (Doc. 1-1, PageID 6). He also claimed that Thompson failed to uphold his constitutional rights. (Doc. 6, PageID 42). There are no other facts pled with respect to Thompson, and no facts that would allow the Undersigned to conclude that the described exception would apply. Accordingly, the general rule—that a public defender is not subject to suit under § 1983—applies, and all of the claims against Public Defender Thompson in both his official and his individual capacity should be dismissed.

16

### F.     Comments on the Substance of the Claims

As discussed in the preceding sections, Plaintiff's claims cannot proceed against Defendants. In the interest of completeness, the Undersigned includes the following comments about the substance of two of the claims.

Plaintiff's main claim against Judge Huffman—and against the Defendants who allegedly aided and abetted—appears to be premised on Plaintiff's understanding that he was absolutely entitled to bond/bail in the First Case. (Doc. 1-1, PageID 6 (alleging that Judge Huffman "den[ied] my bond or bail which I have a RIGHT TOO."); Doc. 6, PageID 39 (alleging that Judge Huffman denied him his "right to bond, a Gauranteed Right") and PageID 42 (referring to a "GAURANTEED Right to Bail"); Doc. 1-1, PageID 6 (alleging that the other Defendants aided and abetted this violation)).

There is no absolute federal constitutional right to bond or bail, particularly after conviction. *Armengau v. Bradley*, No. 16-3977, 2018 WL 4008371, at *2 (6th Cir. Mar. 22, 2018) (citing *Bloss v. Michigan*, 421 F.2d 903, 905 (6th Cir. 1970)) ("there is no federal constitutional right to bail pending appeal."). In the First Case, Plaintiff had been convicted in 2021, and was before Judge Huffman in early 2022 because he (admittedly) violated the terms of his community control sanctions. (*See* Doc. 6, PageID 39 ("…I violated my probation…"); Doc. 7 (transcript showing that Plaintiff acknowledged he was ordered to get an assessment, but "it took a little long, and you know, I didn't get it. So I didn't want to go to jail. So this is why I didn't show up.")). Whatever entitlement Plaintiff may have to bond/bail *under Ohio law*, he did not have an absolute *federal* constitutional right to it.

An action under § 1983 cannot be based on an alleged violation of state law. *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy

violations of federal law, not state law."); *Lewellen v. Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate"). While Plaintiff's frustration at being unable to attend his son's burial is understandable, the matter does not present a federal constitutional issue that this Court can consider under § 1983.

Finally, with respect to Plaintiff's claim that Probation Officer Kinsey included false information in a report to Judge Huffman, the Undersigned notes that "the mere presence of hearsay or inaccurate information in a pre-sentence report [provided by a probation officer] does not constitute a denial of due process." *Jamison v. Holly*, No. 2:14-cv-13394, 2015 WL 163995, at *4 (E.D. Mich. Jan. 13, 2015) (citing *Hili v. Sciarrotta*, 140 F.3d 210, 216 (2d Cir. 1998)). Were the Court to move past the issues discussed above and examine the merits of these claims, or to address the conclusionary statements in the Complaint about violations of rights, it is unlikely that they would be found to state a claim upon which relief may be granted.

## V. Request for Issuance of Summons

Plaintiff has requested that Summons be issued to Defendants so that the case can proceed. (Doc. 9). Because the Undersigned is recommending that the Complaint be dismissed in its entirety, the Undersigned **RECOMMENDS** that the Court **DENY** this request as moot.

## VI. Conclusion and Recommended Disposition

The Undersigned **GRANTS** Plaintiff's three motions to amend the Complaint (Doc. 6-7, 8, 10). Plaintiff's application for default judgment (Doc. 5) is considered **WITHDRAWN** pursuant to Doc. 8.

Having screened the Complaint as required by law, the Undersigned concludes that none of Plaintiff's claims for damages against Judge Huffman, Prosecutor Merrell, Public Defender Thompson, or Probation Officer Kinsey should proceed, as these Defendants are either immune or not state actors against whom a § 1983 claim can be raised, and because Plaintiff cannot undermine his criminal convictions or sentences in this civil action. The Undersigned therefore **RECOMMENDS** that:

1. The Court **DISMISS** the Complaint, as amended, in its entirety with prejudice pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

2. The Court **DENY** Plaintiff's Request for Issuance of Summons (Doc. 9).

3. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**VII.    Notice Regarding Objections to this Report and Recommendations**

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**


December 28, 2022                                   */s/ Caroline H. Gentry*
                                                                         Caroline H. Gentry
                                                                          UNITED STATES MAGISTRATE JUDGE