IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LEON A. MORRIS, SR.,

    Plaintiff,

vs.

MARY K. HUFFMAN, *et al.*,

    Defendants.

Case No. 3:22-cv-278

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DENYING *PRO SE* PLAINTIFF'S POST-JUDGMENT MOTION (Doc. No. 19); AND (2) CLARIFYING THAT THIS CASE REMAINS TERMINATED ON THE DOCKET**

---

In this *pro se* civil case, this Court previously: (1) adopted United States Magistrate Judge Caroline H. Gentry's Report and Recommendation; (2) granted judgment in favor of Defendants; and (3) terminated this case on the docket. Doc. No. 15. This case is now before the Court on *pro se* Plaintiff's post-judgment Fed. R. Civ. P. 60(b) motion. Doc. No. 19. Morris filed a supplemental memorandum supporting that motion. Doc. No. 20. Defendants did not respond to the motion, and the time for doing so has passed. This matter is thus ripe for review.

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, --- U.S. ---, 142 S. Ct. 1856, 1861 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Per Fed. R. Civ. P. 60(b)(1), relief is warranted for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Likewise, plaintiffs can offer "newly discovered evidence that, with reasonable diligence, could not have been discovered in time" to support relief. Fed. R. Civ. P. 60(b)(2). "Fraud, . . . misrepresentation, or misconduct by an opposing party" provides another

avenue for relief. Fed. R. Civ. P. 60(b)(3). Plaintiffs may also seek relief under Fed. R. Civ. P. 60(b)(6) for "any other reason that justifies relief"—provided that "'extraordinary circumstances' . . . justify reopening" the case. *Kemp*, 142 S. Ct. at 1861 (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n. 11 (1988)).[1]

Morris contends that he is entitled to relief from final judgment under each of these sections of Fed. R. Civ. P. 60(b). Doc. No. 18 at PageID 111-12. His arguments fail as a matter of law. He recites the same boilerplate allegations made in his prior filings that he contends entitle him to relief: namely, that government officials violated his constitutional rights. Doc. No. 19 at PageID 110-11, 113-14. He contends that he has additional evidence proving his allegations, but he does not give any concrete example of this evidence or offer any instance of discrimination that he allegedly suffered. Doc. No. 19 at PageID 110.

Additionally, Morris references cases that stand for the proposition that complaints "must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief'" to resist dismissal. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)); Doc. No. 19 at PageID 112-13. However, that does nothing to undercut the litany of jurisdictional errors and deficiencies that counseled this Court to adopt Judge Gentry's Report and Recommendation. *See* Doc. No. 12 at PageID 67-79; Doc. No. 15; *see also, e.g.*, *Fabian v. Tillotson*, 343 F.R.D. 55, 58–59 (S.D. Ohio 2022). Nor do his cases demonstrate procedural error because, under 28 U.S.C. § 1915(e)(2), Judge Gentry correctly recommended *sua sponte* dismissal of Morris's complaint for failing to allege plausible federal claims. *See, e.g.*, *McGhee v. Light*,

---

[1] Rule 60(b)(4) and (b)(5) are not implicated here, as those sections deal with circumstances irrelevant to Morris's motions: void and satisfied judgments. *See, e.g.*, *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995) ("A judgment is void under 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law'" (quoting *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992))).

2

384 F. Supp. 3d 894, 895–96 (S.D. Ohio 2019).  This Court properly screened the complaint "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *cf. Hill v. Michigan*, 14 F. App'x 401, 403 (6th Cir. 2001) ("The district court properly dismissed [*pro se* Plaintiff's] complaint *sua sponte* as legally frivolous and so did not abuse its discretion in denying his motion for default judgment").

Morris's Rule 60(b) motion (Doc. No. 18) is thus **DENIED**.  This case remains **TERMINATED** on the docket.

**IT IS SO ORDERED.**

  November 16, 2023                                         s/Michael J. Newman
                                                            Hon. Michael J. Newman
                                                            United States District Judge